IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL FOLEY,

    Plaintiff,

v.                                                                          CIV 10-203 RB/GBW

CITY OF ROSWELL, NEW MEXICO et al.,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
## TO AMEND COMPLAINT

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Amend the Complaint ("Motion"). *Doc. 73.* The briefing on the Motion is complete and the Court has held a hearing on the matter. *Docs. 77, 78, 88.* At the hearing, Plaintiff was ordered to submit supplemental briefing on the issue of futility. *Docs. 88, 89.* Plaintiff has filed such briefing and Defendants elected not to further respond. *Docs. 90, 91.* Because the Court finds that the Motion to Amend satisfies the requirements of both applicable federal rules, Plaintiff's Motion will be granted.

### Background

Plaintiff, Daniel Foley, was arrested on June 24, 2007 at a public basketball tournament in Roswell New Mexico. *Doc. 1* ¶¶ 8, 12. During that tournament, Plaintiff's son became involved in an altercation and Plaintiff entered the court. *Id.*

¶¶ 9-10. Plaintiff alleges that, upon entering the court, he was "physically assaulted" and "wrongfully arrested" by Defendants Officers Zavala, Carrasco, and Hernandez. *Id.* ¶¶ 11-12. The Criminal Complaint against Plaintiff based upon the events of June 24 was dismissed on July 20, 2007. *Id.* ¶ 13.

On March 5, 2010, Plaintiff filed the instant lawsuit in this Court alleging various causes of action stemming from his arrest. *See generally doc. 1.* Specifically, Plaintiff asserted that he had been deprived of constitutional rights under color of law in violation of the federal Civil Rights Act and that he had suffered injuries under the New Mexico Tort Claims Act. *Id.* ¶¶ 14-28. The latter claim was dismissed with Plaintiff's consent on December 17, 2010. *Doc. 35.* Plaintiff's 1983 claim was premised on two theories: (1) use of excessive force, and (2) false arrest.

Pursuant to Rule 16, the Court entered a scheduling order which, among other things, set November 20, 2010, as the deadline for amendments to Plaintiff's pleadings. *Doc. 29*. On August 3, 2011, after that deadline has expired and discovery in this case had concluded, Plaintiff filed the instant Motion for Leave to File an Amended Complaint. *See doc. 73.* Plaintiff seeks to add two theories to his 1983 claim: (1) deprivation of liberty interest in his reputation, and (2) malicious abuse of process. *Id.*, Ex. A. Both these new legal theories are premised upon Plaintiff's new factual allegations that the officers involved in his arrest subsequently "conspired to draft false police reports in order to substantiate a false arrest." *Id.*, Ex. A, ¶ 15. Moreover,

2

Plaintiff asserts that the "false police reports were wrongfully used to institute judicial proceedings against the Plaintiff in a criminal action[.]" *Id.*, ¶ 16.  Plaintiff also claims that the "primary motive of the Defendants in submitting the false police reports was to cover for, or obfuscate their wrongful conduct in exercising unjustifiable and excessive force against Plaintiff[.]" *Id.*, ¶ 18.

## Analysis

Two Federal Rules of Civil Procedure operate to regulate the ability of a party to amend its pleading.  Rule 15 regulates the ability of a party to amend as a matter of course within a specified time or to seek leave of the court to amend beyond that time.  *See* Fed. R. Civ. P. 15.  Rule 16, on the other hand, requires that the Court issue a scheduling order early in litigation that regulates *inter alia* the time for amendments of pleadings.  *See* Fed. R. Civ. P. 16.  While Rule 15 requires that leave to amend be granted "when justice so requires", *id. 15*(a)(2), amendments after the Rule 16 deadline are only allowed after a showing of "good cause", *id.* 16.  Once the Rule 16 deadline has passed, a party must meet both the "good cause" standards and the standards of Rule 15.  *Pumpco, Inc., the Concrete Pumping Co. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).[1]

---

[1] Although this Circuit has never expressly ruled upon the interaction between Rules 15 and 16 regarding amendments to pleadings, the Circuit has noted that almost every Court of Appeals has already found that Rule 16 is applicable once a deadline for amending passes.  *See Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (noting that First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits all agree that Rule 16's "good cause" applies for post-deadline amendments); *see also Lord v. Hall*, 10-cv-2695-WDM-KLM, 2011 U.S. Dist. LEXIS 96383, at *4-*5 (D. Colo. July 21, 2011) (noting the two-step analysis for amendments after the deadline passes).  Further, the Circuit has utilized the standards of

Because Plaintiff has, in fact, missed the Rule 16 deadline for amending his Complaint, the Court will consider whether he can meet both standards.

Pursuant to Rule 16, a Court must ordinarily issue a scheduling order "as soon as practicable" in litigation. *See generally* Fed. R. Civ. P. 16. The Rule 16 order "must limit the time to . . . amend the pleadings[.]" *Id.* (b)(3)(A). That schedule "may be modified only for good cause and with the judge's consent." *Id.* (b)(4). Rule 16's "good cause" standard is stricter than the standard applicable under Rule 15. *See Martinez v. Target Corp.*, 384 Fed. App'x 840, 847 n.5 (10th Cir. 2010) (refusing to address Rule 16 question because party could not "satisfy the more lenient standard of Rule 15(a)(2)"); *see also Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) (noting that the Rule 16 standard is "arguably more stringent" than Rule 15). Instead of focusing "on the bad faith of the movant, or the prejudice to the opposing party[,]" Rule 16's good cause standard "focuses on the diligence of the party seeking leave to modify the scheduling order." *Pumpco*, 204 F.R.D. at 668. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Colo. Visionary Acad. v. Medtronic*, 194 F.R.D. 684, 687 (D. Colo. 2000).

In the instant case, Plaintiff contends that the claims added into his amended complaint were only made possible via revelations in discovery. *Doc. 73* at 3.

---

Rule 16 analogously for post-deadline filings of counterclaims. *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

4

Specifically, Plaintiff's new complaint features assertions that "three named individual Defendants[ ]conspired to draft false police reports in order to substantiate false arrests." *Id.,* Attach. 1 at ¶ 15. Plaintiff asserted both generally in his initial motion, *see doc. 73* at 3, and explicitly in the hearing on this matter, *doc. 88*, that the claimed conspiracy was unable to be alleged until he had the opportunity to depose the individual defendants. Further, in his supplemental brief, Plaintiff notes the dates upon which depositions in this matter occurred. *Doc. 90* at 10. The bulk of those depositions occurred in June of this year. *Id.*

Defendant does not argue that Plaintiff unreasonably delayed the relevant depositions. Rather, Defendant argues that Plaintiff was not diligent in bringing the new claims because Plaintiff was aware of the police reports and their content since shortly after the incident. *See doc. 77* at 3. However, neither in the briefing nor at the hearing did Defendant successfully refute Plaintiff's contention that it was the sworn testimony at the officers' depositions, combined with the written police reports, that provided sufficient basis to add the new theories. *See docs. 77, 88.*

Perhaps Plaintiff could have made the new allegations based solely on the police reports. However, given the seriousness of the allegations and the heightened pleadings requirements since *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court is unwilling to find that Plaintiff was not diligent in bringing the new claims. As such, the Court finds "good cause" under Rule 16 for Plaintiff's proposed amendments.

5

Having found "good cause" under Rule 16, the Court must now determine whether Plaintiff's proposed amendment satisfies the requirements of Rule 15 as well. Unless allowed as a matter of course by Federal Rule of Civil Procedure 15(a)(1), a party may only amend its pleading with the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(1)-(2). When a party seeks leave under Rule 15 to amend its pleading, the Court "should freely grant leave when justice so requires." *Id.* Such leave should be given in "'the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant . . . , undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant argues that Plaintiff's proposed amendments should be denied due to undue delay, undue prejudice and futility grounds. *Doc. 77* at 2-10. However, for the reasons stated *supra*, undue delay does not serve as a reason to deny Plaintiff's motion. Defendants' argument on "undue prejudice" is based upon the amendment requiring additional discovery at this late stage in the case. However, at the hearing on this matter, Plaintiff indicated that he would seek no additional discovery if the amendment were permitted. Defendants, for their part, indicated that they would need only to reopen the deposition of Plaintiff. Plaintiff's counsel committed to coordinating a second deposition expeditiously. Under these facts, there is insufficient prejudice to

6

justify denying the amendment under Rule 15. Thus, the only remaining issue is whether Plaintiff's proposed amendment would be futile.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason[.]" *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *see also Pac. Bell Tel. Co. v. linkLine Communs., Inc.*, 129 S. Ct. 1109, 1123 (2009) (noting that, on remand, district court will have to discern if proposed amended complaint would survive motion to dismiss). A party may move the court to dismiss for "failure to state a claim upon which relief may be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to make her 'claim for relief . . . plausible on its face.'" *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). As the role of a court in ruling on a 12(b)(6) motion "is not to weigh potential evidence that parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted[,]" this Court would have to "accept all well-pled factual allegations as true and view th[o]se allegations in the light most favorable" to the Plaintiff. *Id.*

Defendants first argue that the claim based upon deprivation of liberty interest in reputation can only be made in the case involving a public employee's termination. *Doc. 77* at 6-8. Plaintiff argues that the concept is broad enough to encompass his claim due to employment impact of the filing of the allegedly false police reports. *Doc. 90* at

7

2-3.  Based upon the limited briefing on this legal issue, the Court is unable to confidently hold that Plaintiff's claim of deprivation of a liberty interest is baseless as a matter of law.

Defendants next argue that the claim based upon malicious prosecution is futile because it is barred by the statute of limitation.  *Doc. 77 at 8-9*.  While the Court may, after fuller briefing on the matter, agree with this assertion, it is not sufficiently clear at this time.  "While state law governs limitations and tolling issues, federal law determines the accrual of 1983 claims."  *Mata v. Anderson* 635 F.3d 1250, 1252 (10th Cir. 2011).  A section 1983 civil rights action does not accrue until the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010).  It is unclear whether the date of accrual would be June 24, 2007, or the date of Plaintiff's discovery of the alleged conspiracy.  Moreover, equitable tolling could save Plaintiff's claim.  In any event, based upon the limited briefing on this legal issue, the Court is unable to confidently hold that Plaintiff's claim of malicious prosecution is barred by the statute of limitation.

Finally, Defendants argue that Plaintiff's proposed amended complaint is insufficiently pled under *Iqbal* and *Twombly*.  Admittedly, Plaintiff's proposed amended complaint appears to hover on the edge of sufficiency.  *See e.g., Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).  Nonetheless, given that it is a close call, it will be more efficient to permit the amendment at this time and subject it to a full motion to dismiss

if Defendants choose that course of action, as opposed to denying the amendment for insufficiency only to have Plaintiff seek leave to file a redrafted amended complaint.

Therefore, the Court finds that Plaintiff's proposed amendment is not futile under Rule 15.

WHEREFORE, the Motion for Leave to Amend is GRANTED. Plaintiff is directed to file the amended complaint which was attached to his motion as an exhibit. Finally, Defendants will be permitted to reopen the deposition of Plaintiff as to issues made newly relevant by the amended complaint. This supplemental deposition shall be held no later than November 2, 2011. If the parties cannot complete the supplemental deposition by that date, they should immediately contact the chambers of the undersigned and request a telephonic hearing at which the scheduling of the deposition will be set.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE