IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL FOLEY,

      Plaintiff,

vs.                                                                    No. CIV 10-0203 RB/GBW

CITY OF ROSWELL, NEW MEXICO,
ROSWELL POLICE DEPARTMENT,
and CRUZ ZAVALA, in his individual
and official capacity, GREG CARRASCO,
in his individual and official capacity, and
PETE HERNANDEZ, in his individual and
official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint, (Doc. 101), filed on November 7, 2011. Plaintiff filed a response in opposition to this motion on December 12, 2011, (Doc. 108); and Defendants filed a reply brief on January 17, 2012, (Doc. 118). Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions of counsel, the record, and relevant law, the Court grants the motion as to claims for declaratory or injunctive relief, but otherwise denies the motion.

**I.    Background**

In the First Amended Complaint, Plaintiff alleges that, on June 24, 2007, Plaintiff watched his son play basketball at a public tournament in Roswell. (Doc. 97, Am. Compl. ¶¶ 4, 8). During the game, Plaintiff's son became involved in an altercation on the basketball court. (Am. Compl. ¶ 9). Believing that his son was in danger, Plaintiff rushed onto the basketball court to protect his son. (Am. Compl. ¶ 9). The individual Defendants, who are police officers

employed by Defendant City of Roswell, physically assaulted and wrongfully arrested Plaintiff. (Am. Compl. ¶¶ 3, 4, 6, 11 & 12). The Roswell Municipal Court dismissed the criminal complaint on July 20, 2007. (Am. Compl. ¶ 13).

Plaintiff alleges that the individual Defendants conspired to draft false police reports to substantiate the false arrest, and wrongfully used the false police reports to institute criminal proceedings against the Plaintiff. (Am. Compl. ¶¶ 15 & 16). According to Plaintiff, the individual Defendants' primary motive in submitting the false police reports was to cover up their wrongful conduct in utilizing excessive force to arrest Plaintiff. (Am. Compl. ¶ 18). Plaintiff alleges that Defendants maintained a custom or policy that permitted or condoned the constitutional violations. (Am. Compl. ¶ 24). Plaintiff claims that Defendants violated his federal constitutional rights under color of state law and he is therefore entitled to recovery under 42 U.S.C. § 1983. (Am. Compl.) Plaintiff requests compensatory and punitive damages, attorneys' fees, costs, and interest. (Am. Compl. at 6).

On November 7, 2011, Defendants moved to dismiss Plaintiff's claims for excessive force, malicious abuse of process, deprivation of a liberty interest, and injunctive and declaratory relief for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 101). Plaintiff filed a Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, conceding that he makes no claim for declaratory or injunctive relief in the First Amended Complaint, but otherwise opposing the motion. (Doc. 108). Defendants filed a reply brief on January 17, 2012. (Doc. 118).

**II.     Standard.**

In order to withstand a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to

2

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court assumes the truth of the factual allegations and asks whether the plaintiff is plausibly entitled to relief. *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). While the complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Under this standard, a claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).

Two working principles govern the analysis of a Rule12(b)(6) motion. *See Iqbal,* 129 S. Ct. at 1949. First, the rubric that the Court must accept as true all of the factual allegations in a complaint is inapplicable to legal conclusions. *Id*. The requirement that a complaint provide a "short and plain statement . . . showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), requires more than "an unadorned the-defendant-unlawfully-harmed-me accusation," *Twombly,* 550 U.S. at 555; *see also, e.g., Robbins,* 519 F.3d at 1247. Second, the determination whether a complaint states a "plausible claim for relief" is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Although a plaintiff is not required to include detailed factual allegations, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. With these principles in mind, the analysis proceeds to the issues presented by the parties.

3

**III.   Discussion.**

    **A.   The First Amended Complaint states a claim for excessive force.**

Defendants contend that Plaintiff has failed to state a claim for excessive force. "Excessive force claims are governed by the Fourth Amendment's 'objective reasonableness' standard." *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010). Under this standard, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "More specifically, courts determine whether the officer's use of force was reasonable given the severity of the suspected crime, the immediate threat to the officer or others, and whether the suspect was actively resisting arrest or evading arrest by flight." *Cavanaugh*, 625 F.3d at 664 (citing *Graham*, 490 U.S. at 396 and *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1281-82 (10th Cir. 2007). It bears underscoring that Plaintiff's case involves claims of both unlawful arrest and excessive force arising from a single encounter. The Tenth Circuit has held:

> [I]n cases involving claims of both unlawful arrest and excessive force arising from a single encounter, it is necessary to consider both the justification the officers had for the arrest and the degree of force they used to effect it. If the plaintiff can prove that the officers lacked probable cause, he is entitled to damages for the unlawful arrest, which includes damages resulting from any force reasonably employed in effecting the arrest. If the plaintiff can prove that the officers used greater force than would have been reasonably necessary to effect a lawful arrest, he is entitled to damages resulting from that excessive force. These two inquiries are separate and independent, though the evidence may overlap. The plaintiff might succeed in proving the unlawful arrest claim, the excessive force claim, both, or neither.

*Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007).

Applying these principles to the case *sub judice* leads to the conclusion that the First

Amended Complaint states a claim for excessive force. Therein, Plaintiff has alleged that he was "physically assaulted" and "wrongfully arrested" and the charges were subsequently dismissed. (Am. Compl. ¶¶ 3, 4, 6, 11, 12 & 13). Although he offers no facts to elucidate the degree of force employed by the individual Defendants in effectuating the arrest, the use of the term "physical assault" implies that the individual Defendants used more force than would have been reasonably necessary to effect the arrest. *See Cortez*, 478 F.3d at 1127. Moreover, Plaintiff has alleged that the arrest was unlawful, *i.e.*, that the individual Defendants arrested him without probable cause. (Am. Compl. ¶¶ 3, 4, 6, 11, 12 & 13). If Plaintiff can prove he was arrested without probable cause, the use of any force would have been excessive. *See Cortez*, 478 F.3d at 1127. For purposes of the Rule 12(b)(6) analysis, the Court must accept all the factual allegations of the First Amended Complaint as true, including the factual allegations that the arrest was unsupported by probable cause, and construe the factual allegations in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555. Application of this standard leads to the conclusion that the First Amended Complaint states a plausible claim for excessive force. Thus, the excessive force claim will not be dismissed at this time.

### B. The New Mexico Tort Claims Act's (NMTCA's) two-year statute of limitations does not bar the state-law claim for malicious abuse of process.

Defendants contend that any state law claim for malicious abuse of process is barred by the New Mexico Tort Claims Act's (NMTCA's) two-year statute of limitations, N.M. Stat. Ann. § 41-4-15(A), which states "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ." N.M. Stat. Ann. § 41-4-15(A). In general, the New Mexico statute of limitations begins to run as soon as the plaintiff knows of the facts on

which he bases the claim for malicious abuse of process. *Mata v. Anderson*, 685 F. Supp. 2d 1223, 1266-67 (D.N.M. 2010). The acts occurred on June 24, 2007, yet Plaintiff did not file the original complaint until almost three years later, on March 5, 2010. (Doc. 1). Nonetheless, Plaintiff contends that his state-law claim for malicious abuse of process is not barred "because the conspiracy [between the individual Defendants to file false police reports] was not discovered until July 2011, . . . and . . . because principles of equitable tolling apply." (Doc. 108). Plaintiff's contentions are convincing.

The New Mexico Supreme Court has held that the limitation period of § 41-4-15(A) runs from the time when an injury manifests itself and is ascertainable. *Maestas v. Zager*, 141 N.M. 154, 159, 152 P.3d 141, 146 (2007) (discussing the application of § 41-4-15(A) in the context of a medical malpractice claim). The First Amended Complaint alleges facts that would support a finding that the alleged malicious abuse of process was not immediately ascertainable. Plaintiff has alleged that the individual Defendants conspired to draft false police reports to substantiate the false arrest, and wrongfully used the false police reports to institute criminal proceedings against him. (Am. Compl. ¶¶ 15 & 16). According to Plaintiff, the individual Defendants' primary motive in submitting the false police reports was to cover up their wrongful conduct in utilizing excessive force to arrest Plaintiff. (Am. Compl. ¶ 18). A conspiracy to file false police reports to cover up the unlawfulness of the arrest would have inhibited Plaintiff's ability to analyze the police reports and compare their contents to the facts of the incident. The alleged malicious abuse of process would not have been ascertainable until Plaintiff discovered the alleged conspiracy during the depositions of the individual Defendants. Thus, the claim accrued upon Plaintiff's discovery of the alleged conspiracy, and not upon the occurrence of the incident.

Plaintiff's reliance on the discovery theory is well-taken.

Plaintiff's reliance on equitable tolling is equally persuasive. "Equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Ocana v. Am. Furniture Co.*, 135 N.M. 539, 547, 91 P.3d 58, 66 (2004) (analyzing a Title VII claim). Plaintiff has alleged that the individual Defendants conspired to draft false police reports to substantiate the false arrest, wrongfully used the false police reports to institute criminal proceedings against him, and the individual Defendants' primary motive in submitting the false police reports was to cover up their wrongful conduct in utilizing excessive force to arrest Plaintiff. (Am. Compl. ¶¶ 15, 16, & 18). The existence of a conspiracy would have concealed material facts and prevented Plaintiff from filing suit. Taken as true, these circumstances justify equitable tolling of the statute of limitations. Accordingly, Plaintiff's state-law claim for malicious abuse of process is not barred by the two-year statute of limitations contained in N.M. Stat. Ann. § 41-4-15(A).

### C. The § 1983 malicious abuse of process claim is not barred by the applicable three-year statute of limitations.

Claims for violation of constitutional rights brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations under state law. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In New Mexico, that statute of limitations is three years. *See* N.M. Stat. Ann. § 37-1-8. While state law supplies the statute of limitations for claims under § 1983, federal law "determines the date on which the claim accrues and the limitations period starts to run." *Mondragon*, 519 F.3d at 1082 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). A § 1983 action "accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). "In general, under the federal discovery

rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (internal quotation and citation omitted). In that the original Complaint was filed on March 5, 2010, which was within three years of June 24, 2007, the § 1983 claims are not barred by the applicable three-year statute of limitations.

### D. The First Amended Complaint states a claim for malicious abuse of process under §1983.

Defendants argue that Plaintiff has failed to allege sufficient facts to state a claim under §1983 for malicious abuse of process. The Tenth Circuit has held:

> We do not believe that the Fourteenth Amendment or the Civil Rights Act were designed to redress injuries incurred by reason of unfounded or malicious claims/suits brought in State court, where adequate State remedies are available to the aggrieved parties. Nevertheless, if the misuse of the legal procedure is so egregious as to subject the aggrieved individual to a deprivation of Constitutional dimension, and the tortfeasor is acting under color of State law, § 1983 may be employed.

*Norton v. Liddel*, 620 F.2d 1375, 1378-79 (10th Cir. 1980). Notably, law enforcement officers may be liable under §1983 "when they conspire to procure groundless state indictments and charges based upon fabricated evidence or false, distorted, perjurious testimony presented to official bodies in order to maliciously bring about a citizen's trial or conviction." *Anthony v. Baker*, 767 F.2d 657, 662 (10th Cir. 1985).

Plaintiff has alleged that the individual Defendants conspired to draft false police reports to substantiate the false arrest, and wrongfully used the false police reports to institute criminal proceedings against him. (Am. Compl. ¶¶ 15 & 16). According to Plaintiff, the individual Defendants' primary motive in submitting the false police reports was to cover up their wrongful

conduct in utilizing excessive force to arrest Plaintiff. (Am. Compl. ¶ 18). Although sparse, when accepted as true and construed in the light most favorable to Plaintiff, these allegations suffice to state a plausible claim for malicious abuse of process under §1983. Thus, this claim will not be dismissed at this time.

> **E. The First Amended Complaint states a claim for deprivation of Plaintiff's interest in his reputation under §1983.**

Defendants assert that Plaintiff has failed to state a claim for deprivation of his liberty interest in his reputation because defamation alone is insufficient to establish a constitutional claim and Plaintiff has not alleged the defamation occurred in the course of termination of employment. The Fourteenth Amendment provides that citizens may not be deprived of life, liberty, or property without due process. *See Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000). While an individual has a protected liberty interest in his reputation, "defamation, standing alone, [is] not sufficient to establish a claim for deprivation of a liberty interest." *Renaud v. Wyo. Dep't of Family Servs.*, 203 F.3d 723, 726–27 (10th Cir. 2000). Rather, a plaintiff must show that "the damage to his reputation is combined with an injury to a right or status established by state law." *Doe v. Bagan*, 41 F.3d 571, 575 (10th Cir. 1994).[1]

More specifically, to state a claim of denial of due process based on the government's impugning of a plaintiff's "good name, reputation, honor, or integrity," a plaintiff must show facts sufficient to establish the following: (1) the government made a statement about him that is sufficiently derogatory to injure his reputation, that is false, and (2) the plaintiff has experienced

---

[1] Defendants rely on cases involving the termination of a public employee's employment. *See, e.g.*, *Workman v. Jordan*, 32 F.3d 475 (10th Cir. 1994). In order to state a claim in this context, a plaintiff must allege, *inter alia*, that the allegedly defamatory statements occurred in the course of terminating the employee or foreclosed other employment opportunities. *Id.* at 481. However, in that this case does not involve the termination of public employment, public-employment cases such as *Workman* are inapposite.

9

some governmentally imposed burden that "significantly altered [his] status as a matter of state law." *Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004) (citations omitted). Plaintiff has alleged that the individual Defendants conspired to draft false police reports to substantiate the false arrest, and wrongfully used the false police reports to institute criminal proceedings against him. (Am. Compl. ¶¶ 15 & 16). According to Plaintiff, the individual Defendants' primary motive in submitting the false police reports was to cover up their wrongful conduct in utilizing excessive force to arrest Plaintiff. (Am. Compl. ¶ 18). As a result of the false police reports and unlawful arrest, Plaintiff suffered distress, anguish, and humiliation. (Am. Compl. ¶¶ 15-18, & 28). These allegations allow the Court to draw a reasonable inference that the Individual defendants may be liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. When accepted as true and construed in the light most favorable to Plaintiff, these allegations suffice to state a plausible claim for deprivation of a liberty interest under §1983. For this reason, this claim will not be dismissed under Rule 12(b)(6).

### F.     Any claims for declaratory and injunctive relief are dismissed.

Plaintiff concedes that he makes no claim for declaratory or injunctive relief in the First Amended Complaint. Given this concession, the motion to dismiss will be granted as to these claims.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint, (Doc. 101), filed on November 7, 2011, is **GRANTED AS TO CLAIMS FOR DECLARATORY OR INJUNCTIVE RELIEF, BUT THE MOTION IS OTHERWISE DENIED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**