IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DANIEL FOLEY,**

       **Plaintiff,**

vs.                                                             **No. CIV 10-0203 RB/GBW**

**CITY OF ROSWELL, NEW MEXICO,**
**ROSWELL POLICE DEPARTMENT,**
**and CRUZ ZAVALA, in his individual**
**and official capacity, GREG CARRASCO,**
**in his individual and official capacity, and**
**PETE HERNANDEZ, in his individual and**
**official capacity,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Application for Entry of Default, (Doc. 133), filed on April 16, 2012, and Motion for Default Judgment, (Doc. 135), filed on April 17, 2012. Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies this Application and Motion.

**I.    Background**

Plaintiff filed his First Amended Complaint on October 24, 2011. (Doc. 97). Defendants filed a Partial Motion to Dismiss the Amended Complaint on November 7, 2011, (Doc. 101), which the Court granted in part on February 6, 2012. (Doc. 120). On March 9, 2012, Defendants filed a Motion for Summary Judgment, which is currently pending. (Doc. 122). Defendants filed their Answer to the Amended Complaint on April 17, 2012, (Doc. 134), which was the same day that Plaintiff filed his Motion for Default Judgment.

Plaintiff requests an entry of default and a default judgment on his remaining claims. Defendants respond that the entry of default or a default judgment would be inappropriate. While they acknowledge that the Answer to the Amended Complaint was untimely, Defendants explain that the untimely filing was due to an oversight.

## II. Discussion

Default judgments are disfavored by courts. *Katzson Bros., Inc. v. United States EPA,* 839 F.2d 1396, 1399 (10th Cir. 1988). "Strong policies favor resolution of disputes on their merits: The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732 (10th Cir. 1991). Courts "do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Id*. Ultimately, the decision of whether to enter a default judgment falls within this Court's discretion. *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

Defendants have vigorously defended this case from the outset. Their failure to timely answer the Amended Complaint was inadvertent and promptly remedied. Plaintiff was not prejudiced by the delay in the filing of the Answer to the Amended Complaint. Indeed, Defendants filed Answers to the original Complaint, which are substantially identical to the Answer to the Amended Complaint. (Compare Docket Nos. 9 & 18 with 134). The delay in filing the Answer to the Amended Complaint in no way interfered with the adversary process. Considering these circumstances, the Court declines to issue a default judgment.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Application for Entry of Default, (Doc. 133), filed on April 16, 2012, and Motion for Default Judgment, (Doc. 135), filed on April 17, 2012, are **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**